1  Mark Baker-Plaintiff, pro-se
   5007 Monta Vista Drive-East
2  Edgewood, WA. 98372-9276
   253-891-3411

```
_____ FILED _____ LODGED
       _____ RECEIVED

       DEC 2 1 2010

       CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY
```

#IFP pending   no summons

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| Mark Baker | ) CV10 5927 RJB |
| Plaintiff | ) No: |
| v. | ) |
| J. Zachery Lell | ) |
| Government of the City of Edgewood | ) COMPLAINT |
| Edgewood Council Members: | ) |
| Jeff Hogan-Mayor | ) VIOLATION OF |
| Mike Kelly, Deputy Mayor | ) CONSTITUTIONAL |
| Paul Crowley, Council Member | ) RIGHTS |
| Daryl Eidinger, Council Member | ) |
| Donna O'Ravez, Council Member | ) |
| Dave Olson, Council Member | ) |
| Steve Cope, Council Member | ) Jury Trial Demanded |
| Mark Bauer, City Manager | ) |
| Defendants | ) |

COMPLAINT                           Page 1

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

COME NOW the Plaintiff above named for a cause of action against the Defendants alleged as follows;

## I. PARTIES

1.1     Plaintiff Baker is a resident of Pierce County, Washington State.

1.3     Defendant City of Edgewood is an incorporated city within Pierce County, Washington State.

1.4     Other parties may be later added as Discovery uncovers their role within this allegation.

## II. JURISDICTION

2.1     The subject matter of this complaint involves conduct and actions performed by the Defendants and alleged to have occurred in Pierce County, Washington State within this Courts jurisdiction and which is a violation of the Constitution of the United States. Jurisdiction is vested within this Court by virtue of violations of the United States Constitution.

## III. GENERAL OVERVIEW OF THE COMPLAINT

Plaintiff became involved in a homeless housing project which provides shelter and other services to the homeless during cold nights by offering shelter in unused portions of his house. Housing is offered on a sliding scale household bill reimbursement rate and includes total charity for those who can not pay.

COMPLAINT                                Page 2

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

The program has been effective in helping many people recover their lives and other homes in other areas have participated in this program.

3.5   Shortly after new household members began to arrive, those who were Black, Hispanic, and Oriental began to complain that the local police were stopping them repeatedly as they walked to the store in this almost exclusive White community and especially as they walked by the Mayors large house which is located just one property away from Plaintiff Baker's property which is a modest size home built in the 60's but which sits at the top of the hill with superb city views below. Later in this complaint the importance of this information will be revealed.

3.6   Shortly thereafter, the Edgewood Police, a contracted police service through the Pierce County Sheriff, began to make regular visits to Plaintiff Baker's property and demanded to know what was going on in there, meaning in the residence. It was explained that it was a normal roommate situation with people contributing their money to share housing costs. The police demanded entry to search the house but were refused.

3.5   Shortly thereafter, the Edgewood City Manager, Mark Bauer, sent out a notice to the property address demanding that housing the homeless be discontinued. Many return response letters were sent back to the city requesting clarification as to who could occupy a property.

COMPLAINT                                  Page 3

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

3.6  In one undisputed phone conversation, the City Manager said that only those people whom are on the deed may occupy the property and no others. As unusual as this may be with no such requirement imposed on any other city resident and believed to be on any other person in the nation as far as research can tell, Plaintiff Baker complied by granting a legal interest to all occupants.

3.7  Emails obtained through public records request show that the city seemed internally confused as to what alleged violation had occurred and city provided written information still remains vague. What is known by a short survey is that over 100 other Edgewood residences had similar living situations however it seemed as though Plaintiff Baker was being targeted perhaps because the Mayor lived on the same street as he.

3.8  Although the home and the household members residing within it are the friends of Plaintiff Baker, it appears that for some unknown reason the city focused their dispute on household member Beaumont even though written letters to them instructed them to make all complaints to the recorded owner and that Beaumont is no longer owner of the property as evidenced by county recordings.

3.9  All responsibilities for occupancy are to be addressed to the recorded property owner, Plaintiff Baker, as he had sole control over the home

COMPLAINT                               Page 4

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

except for tasks assigned to Beaumont as a medical caregiver. Upon that, it appeared that the city police department began a campaign of harassment under the color of law. Some of those harassment incidents include the following:

3.10   Surveillance of the property by constant police patrols sitting on the street and circling the block. In one incident, the recent Edgewood Craigslist murder incident occurred in the city just a short distance away from the Plaintiff's property while officers were apparently assigned to observe the Plaintiff's property as all were observed concentrated near it apparently waiting for a house member to enter or exit and for them to stop and question him as they had done many times before.

3.11   Entry into private areas of the home without invitation and without a warrant including into gated private yards and an unlocked lower floor rear door not normally open to the public whom would visit the property even after being told verbally and in writing to stop the illegal conduct.

3.12   In one incident discussed in 3.15 below, Edgewood Police Chief Knutson left the area where he had just issued a summons to a resident who had just dropped off other household residents at the local food bank. After issuing the summons but strangely doubled back around to see if the house member Beaumont was still parked. Plaintiff Beaumont observed that the

COMPLAINT                               Page 5

Chief then sped off towards the plaintiff's property just a short distance away. After the plaintiff returned to the property, an ill guest who had remained at the property reported that the Chief was observed sneaking around the house and attempting entry into private areas of the property and entering without a warrant. The Chief was confronted by the house member who said that the Chief seemed surprised that someone was at home believing that all were at the food bank dinner and he began to stumble on his words. Chief Knudson commented that he was there to tell the house member that he had just given Larry (Beaumont-a temporary house member) a ticket and just wanted to let him know that. The Chief then made a hasty retreat.

3.13 Traffic stops of both vehicles and pedestrians believed to have exited the property. In some cases even individuals walking from other residences or through the area were stopped and accused of exiting the Plaintiff's property and were questioned regarding property activities. The Plaintiff did not even know these people even though they took the time to walk back to the property to inform him of the stop asking what is up with these cops here.

3.14 Attempting to solicit household members to act as "agents of the police" and in some cases alluded that they would let them go from a traffic stop if they cooperated and when they refused, made them subject to harassment.

COMPLAINT                               Page 6

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

3.15    Suggesting that one household member install a covert microphone on the property and always inquiring into if the house member knew of any microphones that were recording him because he did not want to talk in that area.

3.16    Harassment of individuals who did not waive their constitutional rights to remain silent.

3.17    Interference with religious activities by following vehicles and individuals departing the property as they went to events that followed the teachings of it. Police Chief Knudson on one visit to the property verbally taunted a household members belief in his religion and claim of being religious.

3.18    City police refusing to investigate an act of extortion against temporary household member Beaumont and committed by a former house member who was asked to leave under unfavorable circumstances for rule and illegal drug use violations. The evicted member returned with police claiming that $200 kept in a non-existent safe was not given back to him. Proof showed that on the same day, the same evicted member attempted to extort money from another house member by text messages showing that they originated from the evicted members phone. The extortionist at the time was working with the police as an informant who was attempting to gain more information about the house and did not

COMPLAINT                                              Page 7

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

want to taint their source. Police refused to add this information to the report.

3.21 Harassment of a household members not waiving their constitutional rights to be questioned by the police which resulted in repeat pedestrian stops, some as many as ten or more times.

3.22 Attempting to create a criminal scenario out of an incident with a former drug abusing house member and who tested positive on a substance abuse test. The former house member apparently engaged in a voluntary sex act with another house member. The alleged "victim" was a 26 year old man and had received coaching from the police as to how to structure his complaint so as to make it appear that a criminal event took place rather than it being a consensual sex act with another unknown adult house member. The "complainant also made claims of indecent exposure even though the house is occupied by all adult males living in a very confined space. The former house member as part of his Membership Agreement had signed extensive legal documentation stating that he had no right to privacy and that the all adult male household can and often do casually lounge about as one would expect in their own home. To date, the facts of the complaint have not been fully disclosed to the household member Beaumont who was forced to directly respond to the Prosecutor because the police attempted to structure the Complaint to their advantage.

COMPLAINT                                   Page 8

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

3.23   In a later lawsuit filed against one complainant (former house member), he said during a phone conversation when discussing if he would be willing to voluntarily accept legal service on him, that a Detective Johnson told him he would except legal service for him- something not permitted under the court rules of service.

3.24   Staking out the local food bank on days when it is known that the household members arrive to eat a dinner. In one recent incident, Chief Knutson and two other patrol cars did so covering both entrances a city block apart. As the driver pulled into the parking lot, he followed and issued a summons for not having an in state drivers license and one for operating an illegal boarding house even though the driver is a resident of another state and not the recorded owner of the property. Police also stopped other non-household member food bank users and wanted to know what other vehicles were used to transport people there from the Plaintiff's household.

3.25   Interference with religious activities and making comments denouncing a household members religion.

3.26   Acting under the color of law with matters of the city which are illegal in nature, vague in wording, and without providing clear and concise responses to the Plaintiff's written requests when asked numerous times requesting clarification.

COMPLAINT                              Page 9

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

3.27 Police harassment to keep the Plaintiff and other household members from testifying in any upcoming civil damage trial for the Widow and family of the Craigslist murder victim.

3.28 Creating a situation which has made the Plaintiff Baker lose his property right to quiet enjoyment by constructive conduct performed actions amounting to Eminent Domain without just compensation, a violation of the United States Constitution.

3.30 Police and city retaliatory conduct against temporary house member Beaumont for using legal self-help to counter accusations made by them.

3.32 Retaliatory acts because the Mayor, Defendant Hogan, whom lives a door away from the Plaintiff, had a Mayors friend property purchase offer rejected by the Plaintiff. Plaintiff owns a highly desirable property which overlooks the city lights and has a Mount Rainier view with a tax view enhancement assessed by the county.

3.32 Retaliatory acts because a friend of the Mayor whom purchased and built a large home structure across the driveway from the Plaintiff and which dwarfs the Plaintiff's home resulted in a legal dispute because the Plaintiff would not allow him to move the overhead power lines without providing underground service to his residence and because the Plaintiff won a legal victory concerning an adverse possession claim. The Plaintiff had lived in

COMPLAINT                    Page 10

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

his modest size home for about 16 years before any dispute with neighbors occurred. This neighbor later went on to illegally have the Plaintiff's cable TV wire disconnected when he was not at home.

3.33 Chief Knutson continued to question the Plaintiff's terminally ill registered domestic partner of 31 years on many occasions even after being told that spousal privilege was permanently invoked. The Chief continued to use intimidation techniques to question him after waiting for the other spouse to first leave the home.

3.34 Retaliatory acts because a side neighbor, who once worked for the owner of the large home at 4923 Monta Vista Drive-East in Edgewood referred to in 3.32 above and who purchased their property from him after he placed a height restriction on it, later became involved in a legal dispute because they allegedly disliked a homosexual (plaintiff & partner) couple of 31 years residing next to them. These retaliatory acts included the owners calling in a false complaint to Crime Stoppers as well as repeating the same complaint almost word for word a few years later to the city in written format and which resulted in an unjust and false complaint. This neighbor was also cited by the city for doing construction without a permit and had verbally accused house member Beaumont of making the complaint even though that was impossible since that was the time period

COMPLAINT                                    Page 11

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

he was hospitalized with a massive stroke. Even though the city had sufficient information to know that the complaint was false, they used this as a reason to begin an investigation into a the faith based housing program in which the Plaintiff participates.

3.34   Chief Knutson disclosed confidential medical information regarding Plaintiff Baker to others when attempting to solicit household information.

3.35   Demands by City Manager Mark Bauer that Plaintiff Baker permit a warrantless search of his private home with so many officials listed that they would not be able to fit comfortably inside any one room at any one moment.

3.36   Demands by Chief Knutson that the name of every person who enters the property be given to him and threats to the house member Beaumont for failing to do so.

3.34   Retaliation because the Plaintiff had filed another past lawsuit against a local police agency.

3.35   Police Chief Knutson contacting the County Health Department and requesting that they use their power to close down the house under the guise that the septic system had failed. Later tests by both the Health Department and Plaintiff's insurer's own private engineers identified the

COMPLAINT                               Page 12

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

water source as non-sewage run-off caused by "ground compression" from the large house located at 4923 Monta Vista Drive-East and which sits above the Plaintiff's property. Swab tests taken by the Health Department show that the water was not sewage. Emails communications between Chief Knutson and the Health Department Official address each other as friend and in fact the Plaintiff did receive an order to correct a non-existent problem or face threats of other legal actions, including arrest.

3.36 Falsely claiming to a Washington State Court that legal service had been made on the Plaintiff. The Defendants court action was for a motion of dismissal of the Plaintiff's State filed civil rights lawsuit. The case was dismissed for non-attendance of the hearing by the Plaintiff and which resulted in a complaint to the Washington State Bar Association regarding Defendant Lell alleged misconduct..

3.35 As of the filing of this lawsuit, the Defendants continue to violate the civil rights of the Plaintiff.

IV   CAUSES OF ACTION AGAINST THE DEFENDANTS:

4.1 Reallage the facts as stated within. Defendant Lell did violate the 7th, Amendment of the United States Constitution by fabricating and falsely swearing before a Court of Law that legal process service had been made to the Plaintiff thereby causing the Court to act upon false information.

COMPLAINT                    Page 13

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

4.2    Reallage the facts as stated within. The Defendants acting together and/or alone did by their conduct fail to properly monitor Defendant Lell whom was acting as their legal counsel and therefore should be held equally responsible because they had the power to stop the violation, but failed to do so.

4.2    Reallage the facts as stated within. The Defendants did violate the Plaintiffs 4th Amendment Right by acting or failing to act to prevent the illegal entry into the Plaintiff's home even though instructed to do so by the Plaintiff verbally and in writing. The Defendants acting together and/or alone did by their conduct or failure to act to prevent it, invade the sanctity of the plaintiffs home without legal cause and without the authority of the law.

4.3    Reallage the facts as stated within.

The Defendants violated the Plaintiff's Constitution Right to freely exercise his religion in violation of the 1st Amendment of the United States Constitution.

4.4    Reallage the facts as stated within. The Defendants did violate the Plaintiff's right to "Just Compensation" by creation of such illegal conduct under the color of legal authority that it made him fearful of residing on the property. The Defendants acting together and/or alone did exercise

COMPLAINT                                    Page 14

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

Eminent Domain over Plaintiff's Baker property by constructive means and without payment of "Just Compensation".

4.5 Reallage the facts as stated within. The Defendants did violate the Plaintiff's 4th and 5th Amendment Rights under the United States Constitution by fabricating information provided on a probable cause Affidavit submitted to a Washington Court of law requesting the issuance of a criminal arrest warrant. The warrant was granted causing the Plaintiff irreparable harm even if later found not guilty.

V. WHEREFORE, Plaintiff prays for judgment as follows;

5.1 That the City of Edgewood be ordered to pay "Just Compensation" for the Plaintiff's property for acts amounting to Eminent Domain. or that the Court set a penalty for their conduct not less than two million dollars for each incident which contributed to this violation.

5.3 That the Defendants, jointly and severely, pay the Plaintiff 10 million dollars for each violation of Constitutional Rights that they either committed or were in power to stop.

5.5 The acts alleged here to have been committed by the Defendants were committed with malice, lack of concern for the rights of citizens, and with gross disregard for the sacred rights afforded to citizens of this United

COMPLAINT                              Page 15

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411

States. The Plaintiff request that punitive damages be set at 40 million dollars or greater.

5.6   That the Plaintiff be awarded anticipated medical costs for treatment caused by this traumatic event.

5.7   Other awards for damage as the Court may find as just.

5.8   Interest as determined at trial and until the day of full payment.

5.9   Legal costs including professional expert witness fee's.

## VI   JURY DEMAND

6.1   The Plaintiff requests that a Jury hear the facts of this case.

DATED this 21st day of December, 2010.

_____
Mark Baker, Plaintiff Pro-Se

COMPLAINT                              Page 16

Mark Baker, Plaintiff Pro-Se
5007 Monta Vista Drive-East
Edgewood, WA. 98372-9276
253.891.3411